United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Beverly A. Jenkins, Plaintiff ) <br> ) <br> v. ) <br> ) <br> Signature Healthcare, LLC, 7719, ) <br> Defendant. ) | Civil Action No. 22-20241-Civ-Scola |

**Order Granting Dismissal With Prejudice**

This matter is before the Court upon the Defendant's motion to dismiss (ECF No. 36) pro se Plaintiff Beverly Jenkins's third amended complaint. (ECF No. 21.) For the reasons below, the Court **grants** dismissal with prejudice.

Ms. Jenkins sues her former employer, the Defendant LP Homestead, LLC d/b/a Signature HealthCARE of Brookwood Gardens ("Signature"). Signature fired her for, among others, violating the Health Insurance Portability and Accountability Act's ("HIPAA") provisions concerning patient confidentiality. This is not Ms. Jenkins's first time challenging Signature's decision to fire her. In fact, it is at least her third.

Under Federal Rule of Evidence 201, the Court takes judicial notice of two prior instances in which Ms. Jenkins sued Signature on the same nexus of facts before this Court. Indeed, the Court may do so at this juncture pursuant to *Horne v. Potter*. 392 Fed. App'x 800, 802 (11th Cir. 2010).

In 2017, Judge Pedro P. Echarte, Jr. of the Eleventh Judicial Circuit Court of Florida entered summary judgment in Signature's favor when Ms. Jenkins originally sued Signature for firing her. *See Beverly Jenkins v. LP Homestead, LLC d/b/a Signature Healthcare of Brookwood Gardens*, No. 13-024160 CA 20 (Fla. Cir. Ct. Feb. 22, 2017). That did not preclude her from trying again. In 2019 Ms. Jenkins filed another suit, which Judge Oscar Rodriguez-Fonts of the Eleventh Judicial Circuit of Florida dismissed in 2020 on the basis of *res judicata*. *See Beverly Jenkins v. LP Homestead LLC*, No. 2019-028998-CA-01 (Fla. Cir. Ct. June 24, 2020). Likewise, Ms. Jenkins's current iteration of her suit is subject to preclusion.

"In this Circuit, a claim is precluded by prior litigation if: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits, and (4) the same cause of action is involved in both cases." *Home*, 392 Fed. App'x at 802. All of these factors apply. The prior disposition of Ms. Jenkins's claims by the Eleventh Judicial Circuit Court of Florida was final. That

Court properly exercised jurisdiction over her claims. The parties are identical across all three cases. And the same cause of action was at issue.

Ms. Jenkins seems to argue that she was deprived of due process before the previous courts that heard her claims and that *res judicata* thus does not apply. (ECF No. 21 ¶ 7.) However, this Court is not the correct forum for Ms. Jenkins to complain of any deficiencies that may have affected her case(s) in state court. Federal courts have limited jurisdiction.

Under the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Tindall v. Gibbons*, 156 F. Supp. 2d 1292, 1299 (M.D. Fla. 2001) (quoting *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996)); *see also* 28 U.S.C. § 1257. The proper forum for Ms. Jenkins to complain of any deficiencies concerning a State trial court's disposition of her case is a State appellate court. *See Tindall*, 156 F. Supp. 2d at 1292.

For this reason, the Court finds it is without jurisdiction to hear Ms. Jenkins's claims and **dismisses** this action with prejudice. At this juncture declines Signature's invitation to sanction the Plaintiff.

In an abundance of caution, the Court instructs the Clerk to **seal** Ms. Jenkins's complaints (**ECF Nos. 1, 17, 19, 21**), which Signature indicates contain HIPAA-protected patient information. The Clerk will **close** this case. All pending motions are denied as moot.

**Done and ordered** in Miami, Florida, on July 15, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

Copy to:
Beverly A. Jenkins
1136 E. Mowry Dr. # 202 (M)
Homestead, FL 33030