United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Beverly A. Jenkins, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20241-Civ-Scola |
| | ) | |
| Signature Healthcare, LLC, 7719, | ) | |
| Defendant. | ) | |

## **Order**

This matter is before the Court upon the Plaintiff's motion to amend or correct the Court's judgment (**ECF No. 55**) pursuant to Federal Rule of Civil Procedure 52(b) and the Plaintiff's motion for relief from this Court's judgment under Federal Rule of Civil Procedure 60(b). (**ECF No. 57**.) The Court **denies** both motions for the reasons set forth below.

On July 15, 2022, the Court granted the Defendant's motion to dismiss with prejudice (ECF No. 48) on the basis of *res judicata*. The Court entered a judgment pursuant to Rule 58 on July 19, 2022. (ECF No. 53.) It is this judgment that the Plaintiff seeks to amend or correct. As such, the Court construes the Plaintiff's motion as one to alter or amend the Court's judgment pursuant to Rule 59(e). The Plaintiff's first chosen procedural vehicle, Rule 52, governs actions brought to trial without a jury; it does not apply here.

A plaintiff "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). The Plaintiff's motion purports to rehash matters that were the subject of the Court's dismissal order. As such, her motion is inappropriate under Rule 59(e). Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (Dimitrouleas, J.) (cleaned up).

Next, the Court turns to the Plaintiff's motion under Rule 60(b). Such relief is applicable on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Court finds no viable reason why Rule 60(b) would apply here based on the Plaintiff's motion, as the Court understands it. As such, the Court leaves its previous ruling undisturbed.

The Plaintiff's motions (**ECF Nos. 55, 57**) are **denied**. This case shall remain closed. The Clerk shall **mail a copy** of this order to the Plaintiff at the address on file.

**Done and ordered** in Miami, Florida, on August 2, 2022.

Robert N. Scola, Jr.
United States District Judge